UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON M. WALKER, CDCR #T-35851,<br><br>                                   Plaintiff,<br><br>vs.<br><br>GONZALEZ; MONTIANO; R. MADDEN; D. FOSTON,<br><br>                                   Defendants. | Case No.: 3:20-cv-0404-CAB (AHG)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Aaron Walker ("Plaintiff"), a state inmate currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No.1.)  In addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*

*Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate trust account statement. (ECF No. 3 at 1-4.) Plaintiff's statement shows that he had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department

of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>[1]

On May 14, 2019, Defendant Gonzalez "exercised his authority to force inmate Mack" into Plaintiff's cell. (Compl. at 3.) Plaintiff alleges that Gonzalez threatened him with a "rules violation report." (*Id.*) Plaintiff complied but he informed Gonzalez that he was "not compatible with inmate Mack." (*Id.*) Plaintiff told Gonzalez that he would "have to sign a CDCR 22 form agreeing" that if there were contraband found inside of Plaintiff's cell it would be "as a result of imposing inmate Mack on Plaintiff." (*Id.*)

Gonzalez signed the form but "failed to inspect Plaintiff's cell, property, or inmate Mack's program before enforcing [the] move." (*Id.*) On June 18, 2019, a cell near the cell occupied by Plaintiff and Mack "became empty." (*Id.* at 4.) Plaintiff "attempted to remove himself from [Mack]" by informing Defendant Montiano of the "incompatibility" between himself and Mack. (*Id.*) However, Plaintiff allege Montiano "stated he did not want [Mack] alone in a cell and refused Plaintiff's attempt to remove himself from [Mack]." (*Id.*)

On July 2, 2019, while Plaintiff was "absent from his cell," a search was conducted of his cell. (*Id.* at 3.) During the search, Mack was "taken out of the cell" and "nearly [three] grams of heroin were found sitting in plain view on Plaintiff's lower bunk." (*Id.*)

Plaintiff was placed in administrative segregation ("ad-seg") until October 3, 2019. (*See id.*) While Plaintiff was in ad-seg he was deprived of "showers, yard recreation." (*Id.*) Plaintiff alleges that the "matter is currently pending both criminal prosecution and CDC rules violation report." (*Id.*)

---

[1] The Court will refer to the page numbers as they are imprinted by the court's electronic case filing system.

On July 11, 2019, Defendant Madden, CEN Warden, "decided to hold the Plaintiff liable for the contraband found inside of the cell" and kept Plaintiff in ad-seg. (*Id.* at 5.)

On December 26, 2019, Defendant Foston, CDCR appeals examiner, denied Plaintiff's administrative grievance and "maintained [Plaintiff was] liable" for the contraband found during the cell search. (*Id.* at 6.) Plaintiff claims Foston "refused to accept responsibility for the negligence of [CDCR] staff and administration." (*Id.*)

Plaintiff claims he "now faces possible criminal charges that will extend his already (34) year sentence." (*Id.*) Plaintiff seeks injunctive relief, $1000.00 in compensatory damages, and $370,000 in punitive damages. (*Id.*)

C.   42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D.   Single cell claim

Plaintiff alleges that his constitutional rights were violated when he was housed with an inmate he was "not compatible with." (Compl. at 3.) However, in the Exhibits submitted in support of his Complaint, Plaintiff filed a grievance in which he requested to be given a single cell as he was "incompatible for double cell housing" with any inmate. (*See* Ex., ECF No. 4 at 7, Inmate/Parolee Request for Interview dated May 14, 2019.) This request indicates that Plaintiff is not only seeking to prevent being housed with an inmate he claims to be incompatible with, he is apparently claiming there is no inmate he would be compatible with and thus, requires single cell status. (*See id.*)

However, Plaintiff does not have a right to be housed in a single cell. *See Rhodes v. Chapman,* 452 U.S. 337, 347-48 (1981) (holding that double-celling does not violate

Eighth Amendment when it does not involve conditions amounting to unnecessary and wanton pain); *Allen v. Figueroa*, 56 F.3d 70, at *7 (9th Cir. 1995) (*unpublished disposition*) (no Eighth Amendment or Due Process right to be housed with inmate of one's choice).

Accordingly, the Court finds that Plaintiff has failed to state either an Eighth Amendment or Fourteenth Amendment claim as to denial of single cell status.

E.   Due Process claims

Plaintiff also claims his due process rights were violated when he was placed in ad-seg from July 2, 2019 to October 13, 2019. (*See* Compl. at 4.) The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

In his Complaint, Plaintiff alleges that he was held in ad-seg for more than three months and deprived of "showers, yard recreation" during that time. (Compl. at 4.) The Court finds that Plaintiff has alleged facts sufficient to show that he was subjected to an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584.

/ / /

However, even though Plaintiff has alleged facts sufficient to invoke a protected liberty interest under *Sandin*, he fails to plead facts to plausibly show he was denied the procedural protections the Due Process Clause requires. *See Iqbal*, 556 U.S. at 678; *Ramirez,* 334 F.3d at 860 (citations omitted); *see also Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014). Those procedures include: (1) written notice of the charges at least 24 hours before the disciplinary hearing; (2) a written statement by the fact-finder of the evidence relied on and reasons for the disciplinary action; (3) the right to call witnesses and present documentary evidence if doing so will not jeopardize institutional safety or correctional goals; (4) the right to appear before an impartial body; and (5) assistance from fellow inmates or prison staff in complex cases. *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974); *Serrano v. Francis*, 345 F.3d 1071, 1079-80 (9th Cir. 2003).  Plaintiff's Complaint is devoid of any facts regarding his disciplinary hearing.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a procedural due process claim upon which relief may be granted.

F.    <u>Grievance claims</u>

Additionally, the Court finds Plaintiff's Complaint fails to state a claim as to Inmate Appeals Coordinator Foston because an official's allegedly improper processing of a prisoner's grievances or appeals, without more, does not serve as a sufficient basis for section 1983 liability. *Ramirez*, 334 F.3d at 860 (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545,

547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub nom. Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."). Simply "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

For these reasons, the Court finds Plaintiff has failed to state a Fourteenth Amendment due process claim against Defendant Foston.

### G.  Leave to Amend

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state any § 1983 claim upon which relief can be granted, and that it must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.  Because Plaintiff is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III.  Conclusion and Orders

For the reasons explained, the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

///
///
///

    2.    **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

    3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

    4.    **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

    If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

/ / /

5. The Clerk of Court is directed to mail a court approved form civil rights complaint to Plaintiff.

**IT IS SO ORDERED**.

Dated: April 30, 2020

Hon. Cathy Ann Bencivengo
United States District Judge