UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON M. WALKER, CDCR #T-35851,<br><br>                             Plaintiff,<br><br> vs.<br><br>GONZALEZ; MONTIANO; R. MADDEN; D. FOSTON,<br><br>                             Defendants. | Case No.: 3:20-cv-0404-CAB (AHG)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

I. **Procedural History**

On March 3, 2020, Aaron Walker ("Plaintiff"), a state inmate currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No.1.)  In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

The Court GRANTED Plaintiff's Motion to Proceed IFP but also DISMISSED his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).  (ECF No. 5.)

Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) On July 24, 2020, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 6.)

**II.     Screening of FAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

    A.     <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

      B.      <u>Plaintiff's Allegations</u>[1]

On May 14, 2019, Plaintiff and Correctional Officer Gonzalez "entered into an agreement" that Plaintiff would accept a cellmate if the "administration" would "accept liability for any contraband that may be found inside of the cell." (FAC at 3.)  Plaintiff claims he was "presented with a choice" to either "comply with [Correctional Officer] Gonzalez's order" or he would be issued a Rules Violation Report ("RVR"). (*Id.*)

Plaintiff claims that "in spite of the signed agreement," Plaintiff "felt necessary to remove himself" from his cell on June 18, 2019 when a "cell became available." (*Id.* at 5.)  However, his "efforts were prohibited by [Sergeant] Montiano." (*Id.*)

On July 2, 2019, Plaintiff was the "Chairman of the Inmate Advisory Council ("IAC")." (*Id.* at 6.)  The IAC is a "departmental term used to describe a body of inmates who are selected by the inmate population to act in an advisory capacity to the Warden and his administration." (*Id.*)  Plaintiff claims the IAC "serves as a communication bridge not just for the Warden and his administration, but for the inmate population as well." (*Id.*)

On July 2, 2019, Plaintiff "accepted a sealed envelope from another inmate to be delivered to an inmate housed in the same unit as Plaintiff." (*Id.*)  In the "rush to race the closing unit doors, Plaintiff failed to be informed of the contents of the envelope." (*Id.*)  Correctional Officer Herrera-Salazar "noticed the sealed envelope sitting in Plaintiff's top shirt left pocket and wanted to inspect it." (*Id.*)  Plaintiff alleges he "complied" with

---

[1] The Court will refer to the page numbers as they are imprinted by the court's electronic case filing system.

Herrera-Salazar's request. (*Id.*) "Upon inspection, a small quantity of heroin in a plastic wrapper was discovered." (*Id.*) Plaintiff was "taken to the facilities office" but was later "allowed to return to his unit" provide that a search of his cell would not contain any narcotics. (*Id.*)

However, a search of Plaintiff's cell "produced over 3 grams of heroin" and other evidence of drug distribution. (*Id.*) Plaintiff and his cellmate were "placed in administrative segregation ("Ad-Seg")" as a result of the drugs found inside of the cell. (*Id.*) On July 11, 2019, Plaintiff was "scheduled to appear before an Inmate Classification Committee ("ICC")." (*Id.* at 7.) Prior to his hearing, Plaintiff was "informed that he would not be allowed to present witnesses to refute the [July 3, 2019] drug possession claim nor would he be allowed to present evidence to support the [May 14, 2019] agreement." (*Id.*) Plaintiff "declined to appear before the ICC." (*Id.*)

Plaintiff claims he was "assessed a [six] month term in Ad-Seg." (*Id.*) Plaintiff was to have a "minimum early release date" by December 13, 2019 before "returning to the general population." (*Id.*) However, on October 3, 2019, Plaintiff was "suddenly called before ICC and released back to general population." (*Id.*) During the days Plaintiff spent in Ad-Seg, he claims that he was "deprived of showers and yard recreation." (*Id.*)

Plaintiff seeks injunctive relief, along with $1000 in compensatory damages, and $370,000 in punitive damages. (*Id.* at 10.)

C.  42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. <u>Due Process claims</u>

Plaintiff claims his due process rights were violated when he was placed in Ad-Seg from July 2, 2019 to October 13, 2019 while disciplinary charges were pending. (*See* FAC at 3-7.) The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

While not entirely clear, it appears that Plaintiff has not been subjected to a disciplinary charge or hearing and rather, he was housed in Ad-Seg while charges were investigated. However, Plaintiff does not have a protected liberty interest in remaining free from Ad-Seg pending a disciplinary hearing. *See Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000). Accordingly, Plaintiff's Fourteenth Amendment due process claims are DISMISSED for failing to state a claim upon which relief may be granted.

E. <u>Eighth Amendment violations</u>

However, to the extent that Plaintiff claims he was deprived of yard time, showers, and his visitation has been restricted, the Court construes these claims as Eighth Amendment conditions of confinement claims.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Id.* (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Rhodes*, 452 U.S. at 346.

In addition, prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To plead an Eighth Amendment claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate indifference to a substantial risk of harm to their health or safety. *Farmer*, 511 U.S. at 847.

Here, the Court finds that Plaintiff's FAC fails to contain sufficient factual allegations to determine whether his claims amount to the type of objectively serious deprivation the Cruel and Unusual Punishments Clause exists to prevent.  See *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); *Farmer*, 511 U.S. at 834.  There are no allegations that the deprivation was "severe or prolonged." *See Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

Plaintiff alleges that Defendants "depriv[ed] the Plaintiff of recreation and showers due to the Plaintiff's size and inability to fit into a single cuff." (FAC at 7.)  He further alleges that he was "forc[ed] to share a single nozzle shower that was designed for one

person" which suggests that he did not have complete deprivation of showers. These allegations are insufficient to rise to the level of deliberate indifference required to state an Eighth Amendment claim. *See McFarland v. Kullojka*, 2019 WL 937237, at *5 (W.D. Washington, Jan. 30, 2019) (finding that a prisoner's deprivation of shower for eighth days are upsetting to prisoner but is not "sufficiently serious to implicate Eighth Amendment concerns."); *Hernandez v. Olmos*, 2013 WL 5718566, at *3 (E.D. Cal. Oct. 18, 2013), report and recommendation adopted by 2013 WL 6230269 (E.D. Cal. Dec. 2, 2013) ("[S]hort term denials of showers is not the type of deprivation that rises to the level of an Eighth Amendment violation.").

Plaintiff also claims that he was deprived of recreation "due to the Plaintiff's size" but offers no other factual allegations to explain why his size impacted his access to recreation while he was housed in Ad-Seg. There are no facts from which the Court could find that any of the named Defendants were deliberately indifferent to a substantial risk to Plaintiff's health or safety. As stated above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Thus, because Plaintiff fails to allege facts sufficient to satisfy either the objective or the subjective component of an Eighth Amendment violation–that any Defendant caused him to be deprived of "life's necessities" with deliberate indifference to his health or safety–his FAC fails to state an Eighth Amendment claim upon which relief can be granted.

F.  <u>Leave to Amend</u>

Thus, for all these reasons, the Court finds Plaintiff's FAC fails to state any § 1983 claim upon which relief can be granted, and that it must be dismissed sua sponte and in

its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because Plaintiff is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). However, Plaintiff has already been provided a short and plain statement of his Fourteenth Amendment due process pleading deficiencies, as well as opportunities to amend those claims to no avail, the Court finds granting further leave to amend as to those claims would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Therefore, Plaintiff is granted leave to amend his Eighth Amendment claims only.

### III.   Conclusion and Orders

For the reasons explained, the Court:

1.   **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

2. The Clerk of Court is directed to mail a court approved form civil rights complaint to Plaintiff.

**IT IS SO ORDERED**.

Dated:  August 11, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge