UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON M. WALKER, CDCR #T-35851,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GONZALEZ; MONTIANO; R. MADDEN; D. FOSTON,<br><br>　　　　　　　　　　Defendants. | Case No. 3:20-cv-0404-CAB-AHG<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b); AND**<br><br>**(2) DISMISSING FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

　　　　Aaron Walker ("Plaintiff"), while housed at Centinela State Prison, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 3, 2020. (*See* Compl., ECF No. 1.)

**I.　　Procedural History**

　　　　On April 30, 2020, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint for failing to state any claim upon which relief could be

granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 5.) Plaintiff was advised of his pleading deficiencies and granted leave in which to file an Amended Complaint that fixed them. (*Id.* at 8-9.) On July 24, 2020, Plaintiff filed his First Amended Complaint ("FAC"). However, once again, on August 11, 2020 the Court found that Plaintiff's FAC failed to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 7.) Plaintiff was again granted leave to file an Amended Complaint. (*See id.* at 8-9.)

Plaintiff's Amended Complaint was due on or before October 11, 2020. But to date, Plaintiff has not filed an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.   Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's August 11, 2020 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  January 22, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge